IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER KAY HALL,

                  **Plaintiff,**

  v.                                                                  CASE NO. 21-3086-SAC

DAVID DAHL, et al.,

                  **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Jennifer Kay Hall, a state prisoner at the Topeka Correctional Facility in Topeka, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why her Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff's Complaint (ECF No. 1) alleges she was wrongfully imprisoned for six months beyond her sentence, from June 23, 2017 to December 22, 2017. Plaintiff states she was sentenced on May 5, 2017 to 14 months for violating the offender registration statute (Case No. 17CR301; felony) and 12 months for violating an order of protection (Case No. 17CR79; misdemeanor). The sentences were to run concurrently. Plaintiff asserts that with good time credit, time served in the Sedgwick County Jail, and program credit, the controlling 14-month sentence should have been reduced to 4.9 months and she should have been released on June 23, 2017. Plaintiff was not released until December 22, 2017 after a court hearing.

1

Plaintiff names as defendants David Dahl, Kansas District Court Judge; David Lowden, prosecutor; Robin Sommer, prosecutor; Steven G. Rupert, prosecutor; and Shannon Meyer, Warden of the Topeka Correctional Facility. Plaintiff requests relief in the form of $32,500, "half of the $65,000 per year allocated by law in 2018." Complaint, ECF No. 1, at 6.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

2

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's Complaint is subject to dismissal because it fails to state a upon which relief may be granted under § 1983 and because it appears to be untimely. Moreover, four of the named defendants are immune from liability for damages.

### A. Failure to State a Claim

As noted above, to state a claim under § 1983, Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States." This action is subject to dismissal because Plaintiff has not adequately alleged a federal constitutional violation. Plaintiff makes no reference to any federal constitutional provision or federal law in her Complaint. She may believe that the United States Constitution was violated and simply failed to specify the constitutional provision, but the Court is not free to "construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74. Thus, this action is subject to dismissal for failure to state a claim on which relief may be granted.

It appears Plaintiff may be attempting to bring a claim under K.S.A. 60-5004, Civil action for persons who were wrongfully convicted and imprisoned. She refers to $65,000 per year "allocated by law." K.S.A. 60-5004(e)(1)(A) provides that damages awarded under the statute "shall be $65,000 for each year of imprisonment." If that is Plaintiff's intent, she has filed her Complaint in the wrong court. The statute, a state statute, provides that "a claimant may bring an

action in the district court seeking damages from the state pursuant to this section." K.S.A. 60-5004(b). The district court referred to is the state district court.[1]

### B. Statute of Limitations

Even if Plaintiff had stated a claim under § 1983, her Complaint is subject to dismissal because it is untimely. The statute of limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008). The Court therefore applies Kansas's two-year statute of limitations for personal injury actions. *See* Kan. Stat. Ann. § 60–513(a)(4); *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* at 388 (internal quotation marks and citation omitted). In other words, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (internal quotation marks omitted).

It plainly appears from the face of the Complaint that it is subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed her Complaint on March 19, 2021. If Plaintiff had a § 1983 claim, it would have accrued when she was imprisoned beyond June 23, 2017. That is more than two years prior to the filing date of this Complaint. Consequently, unless tolling applies, Plaintiff's claim is untimely.

---

[1] The Court notes that K.S.A. 60-5004 provides compensation to persons who were convicted and imprisoned "for one or more crimes that such person did not commit." K.S.A. 60-5004(a). Plaintiff is not alleging she was wrongfully convicted.

In certain limited circumstances, the statute of limitations may be subject to tolling. Because the Court applies the Kansas statute of limitations in § 1983 cases, it also looks to Kansas law for questions of tolling. *Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir. 1995). The plaintiff has the burden of establishing a factual basis for tolling the limitations period. *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

Generally, a Kansas court cannot extend the limitation period except as provided by statute. *McClain v. Roberts*, 304 P.3d 364 (Table), 2013 WL 3970215, *3 (Kan. App. Aug. 2, 2013), citing *Underhill v. Thompson,* 158 P.3d 987, 995 (Kan. App. 2007). Kansas law provides that a prisoner is presumed to be a person under a legal disability so that the limitation period would be tolled until the disability is removed (here, when the person is released). K.S.A. 60–515(a). However, the statute further provides that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." K.S.A. 60–515(a). Therefore, to be entitled to tolling under K.S.A. 60-515(a), a prisoner must have been denied access to the courts such that she could not file within the limitation period, something that Ms. Hall has not claimed. *McClain,* 2013 WL 3970215 at *3, citing see *Bulmer v. Bowling,* 4 P.3d 637, 639 (Kan. App. 2000); *Parker v. Bruce,* 109 F. App'x 317, 319 (10th Cir. 2004) (unpublished opinion).

Kansas also recognizes the doctrine of equitable tolling but seems to apply it only where defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay bringing the action.'" *Friends University v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980) (quoting *Rex v. Warner,* 332 P.2d 572 (Kan. 1958)). The record fails to support a claim that Defendant affirmatively induced Plaintiff into delaying her filing of this suit.

6

In addition, at least one Kansas appellate court has applied the equitable tolling standard for habeas cases in the context of a § 1983 action. *See McClain*, 2013 WL 3970215 at *3. That standard provides for equitable tolling where a litigant has been pursuing her rights diligently and some extraordinary circumstance prevented timely filing. *McQuiggin v. Perkins,* 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida,* 560 U.S. 631 (2010)). Plaintiff does not demonstrate any extraordinary circumstance that would entitle her to equitable tolling of the limitation period.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Fogle,* 435 F.3d at 1258. Because Plaintiff did not file her claim within the two-year limitation period and because Plaintiff does not establish a factual basis for tolling the limitation period, Plaintiff's Complaint is subject to dismissal as barred by the statute of limitations.

### C. Defendants

Defendants Dahl, Lowden, Sommer, and Rupert are subject to dismissal because they are immune from liability for damages under § 1983. "Typically, judges, prosecutors, and witnesses enjoy absolute immunity." *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1190 (10th Cir. 2008). "Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Id.* at 1189. "The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Id.* at 1195 (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Stein*, 520 F.3d at 1193 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 209 (1993)).

7

The actions of Defendants Dahl, Lowden, Sommer, and Rupert as alleged by Plaintiff fall within the scope of their immunity. Thus, they are subject to dismissal.

## IV. Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why her Complaint should not be dismissed. Plaintiff is warned that her failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

## V. Pending Motions

Also before the Court are five motions filed by Plaintiff. Two are motions to correct a defendant's name on the docket sheet (ECF Nos. 6 and 11). These motions are granted, and the clerk is directed to change the last name of the first listed defendant from "Dahler" to "Dahl."

Plaintiff also filed a motion for extension of time to provide financial information (ECF No. 7). Plaintiff has now submitted the required financial information, so the motion is denied as moot.

Plaintiff's motion for amended prayer for relief (ECF No. 12) alters the relief requested in the Complaint from $32,500 to $1,532,681.15. The motion is construed as a motion to supplement the Complaint and is granted as to the prayer for relief.

Last, Plaintiff has filed a motion to appoint counsel (ECF No. 10). Plaintiff argues she needs counsel because she does not know the court procedures and states she has attempted to acquire counsel without success. The Court has considered Plaintiff's motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether

to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 26, 2021,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motions to correct a defendant's name on the docket sheet (ECF Nos. 6 and 11) are **granted**. The clerk is directed to change the last name of the first-named defendant from "Dahler" to "Dahl."

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to provide financial information (ECF No. 7) is **denied** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for amended prayer for relief (ECF

No. 12) is construed as a motion to supplement the Complaint and is **granted** as to the prayer for relief.

   **IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 10) is **denied without prejudice**.

   **IT IS SO ORDERED.**

   DATED:  This 26th day of July, 2021, at Topeka, Kansas.


               <u>s/ Sam A. Crow</u>
               **SAM A. CROW**
               **U.S. Senior District Judge**